## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIFFANY LIPKOVITCH,

                 Plaintiff,

v.

WAYNE COUNTY, A Municipal
Corporation, BENNY N. NAPOLEON,
in his official and individual capacities, and
POLICE OFFICERS ASSOCIATION OF
MICHIGAN, a labor organization and collective
bargaining agent,

                 Defendants.

U.S. Case No. _____

Wayne County Circuit Court
Civil Action No. 11-012939-CZ
Honorable Michael Sapala.

---

Benjamin Whitfield, Jr.  (P 23562)
Benjamin Whitfield Jr. & Associates
Attorneys for Plaintiff
220 West Congress, 2nd Floor
Detroit, Michigan  48226
(313) 961-1000
 Fax:  313-961-3110
BenWLaw123@aol.com

Wayne County Corporation Counsel
By: W. Steven Pearson (P 37805)
Principal Attorney
Attorneys for Defendants Wayne
   County and Benny Napoleon
 Guardian Building
 500 Griswold Street, 12th Floor
Detroit, Michigan  48226
(313) 224-6683
spearson@co.wayne.mi.us

---

# Notice of Removal of Action from State Court

**A related lawsuit, asserting claims identical to those made in this lawsuit against the same defendants based on the same facts - styled *Tiffany Lipkovitch v. Wayne County, et. al. (*USDC No. 10-cv-13961) - was previously filed in this Court and is currently pending before the Honorable Denise Page Hood.**

DEFENDANTS COUNTY OF WAYNE and BENNY NAPOLEON, through their undersigned counsel, W. STEVEN PEARSON, Principal Attorney for the Office of Wayne County Corporation Counsel, hereby remove this case from the Wayne County Circuit Court (Case No. 11-012939-CZ, assigned to the Honorable Michael F. Sapala), pursuant to 28 U.S.C.§§ 1331, 1441, 1443 and 1446.  In support of the removal, defendants state as follows:

1.  The complaint for this lawsuit was filed in the Circuit Court for the County of Wayne, Michigan, on October 24, 2011, followed by an amended complaint[1] filed on or about November 1, 2011.

2.  Summonses and complaints for Defendants Napoleon and Wayne County were served by registered mail on the Office of Wayne County Corporation Counsel on or about October 24, 2011, followed by a copy of the amended complaint, post-marked November 3, 2011.

3.  The original and amended complaints seek money damages from Defendants Napoleon and Wayne County for, among other things, alleged violation of the plaintiff's due process property and liberty interests under the 14th Amendment under color of state law, and thereby assert claims under the constitution and federal civil rights statute, 42 U.S.C. § 1983.

4.  Plaintiff has also pleaded constitutional, discrimination, contract and other claims under state law, and the Court has supplemental jurisdiction over such claims,

---

[1]  For reasons not apparent, the Plaintiff's amended complaint is titled "Corrected Complaint."

which do not raise novel or complex issues of state law and do not predominate over the plaintiff's federal claims.

5   Plaintiff's state law claims will not add to the administrative burden of this Court and will not complicate the proceedings, because they are identical to claims made in the plaintiff's prior related lawsuit against the same defendants based on the same facts - *Tiffany Lipkovitch, v Wayne County, et. al.*; USDC No. 10-cv-13961 - currently pending in this Court before the Honorable Denise Page Hood.

6.   Plaintiff's parallel lawsuit pending before Judge Hood - which has proceeded through the discovery and case-evaluation stages -- is now before the Court on the motions of all defendants for summary judgment, which the Court has set for hearing on Wednesday, December 14, 2011.

7.   There are no compelling reasons to decline supplemental jurisdiction over plaintiff's state law claims, and Defendants Ficano and Napoleon, with concurrence of counsel for co-defendant POAM, request that this Court retain jurisdiction over the plaintiff's state law claims, so that neither the defendants nor County taxpayers will incur the unnecessary expense and administrative burden of litigating simultaneously in two different judicial forums parallel legal claims that arise out of the same nucleus of operative facts.

8.   Copies of the summonses, complaint, and amended complaint for this lawsuit are attached to this Notice of Removal, as Exhibits A and B respectively.

9.   No further proceedings have been filed in this matter.

10.     This Notice of Removal is timely filed with this Court, within thirty (30) days of service of the summonses, complaint and amended complaint on the defendants.

11.     Defendants' undersigned counsel will promptly file a copy of this Notice of Removal and Exhibits A and B with the Clerk for the Wayne County Circuit Court.

12.     All defendants who have been served with process concur in the removal of this action from state to federal court.

13.     Removal of this civil action to this Court from the Wayne County Circuit Court is proper pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446.

Respectfully Submitted,

**WAYNE COUNTY CORPORATION COUNSEL**

November 17, 2011          /S/    W. Steven Pearson
                           W. STEVEN PEARSON (P 37805)
                           Principal Attorney
                           Attorneys for Defendants Wayne County
                               and Benny Napoleon
                           Guardian Building
                           500 Griswold, 12th Floor
                            Detroit, Michigan  48226
                           (313) 224-5030
                           spearson@co.wayne.mi.us

4

# Certificate of Service

I hereby certify that on <u>November 17, 2011,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system; that on the same day I caused a copy of this document and Exhibits A and B hereto to be filed with the Clerk for the Wayne County Circuit Court; and that I also served a copy of the document and Exhibits A and B by email transmission and first class mail on: (1) counsel for the plaintiff, Mr. Benjamin Whitfield, Jr., at <u>BenWLaw123@aol.com</u> and Benjamin Whitfield, Jr. and Associates, 220 West Congress, 2nd Floor, Detroit, Michigan 48226; and (2) counsel for co-defendant POAM, Ms. Martha Champine, at <u>MChampine@poam.net</u> and Martha M. Champine, Assistant General Counsel, c/o Police Officers Association of Michigan, 27056 Joy Road, Redford, Michigan 48239-1949.

                               <u>/S/   W. Steven Pearson</u>
                               W. STEVEN PEARSON (P 37805)
                               Principal Attorney
                               Attorneys for Defendants Wayne County
                                 and Benny Napoleon
                               Guardian Building
                               500 Griswold, 12th Floor
                               Detroit, Michigan 48226
                               (313) 224-5030
                               spearson@co.wayne.mi.us

/278314/

# Exhibit A



**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**

| **SUMMONS AND RETURN OF SERVICE** | **CASE NO.** 11-012939-CZ |

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |

THIS CASE ASSIGNED TO JUDGE:   **Michael F. Sapala**       **Bar Number: 19891**

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| **LIPKOVITCH, TIFFANY** | **VS** | **WAYNE COUNTY** |

PLAINTIFF'S ATTORNEY

**Whitfield, Benjamin**
**(P-23562)**
**220 W Congress St Fl 2**
**Detroit, MI 48226-3289**
**(313) 961-1000**

| CASE FILING FEE | JURY FEE |
|---|---|
| **Paid** | **Paid** |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| **10/24/2011** | **01/23/2012** | **Sterling Harrison** |

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| Date | Signature of attorney/plaintiff |
|---|---|
| | |

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-99)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT



STATE OF MICHIGAN
THIRD CIRCUIT COURT

**CASE NO.** 11-012939-CZ

## SUMMONS AND RETURN OF SERVICE

COURT
ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT
TELEPHONE

LIPKOVITCH, TIFFANY v NAPOLEON, B 10/24/2011
Hon. Michael F. Sapala
11-012939-CZ

THIS CASE ASSIGNED TO JUDGE: **Michael F. Sapala**

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| **LIPKOVITCH, TIFFANY** | **VS** | **NAPOLEON, BENNY N** |

PLAINTIFF'S ATTORNEY

**Whitfield, Benjamin
(P-23562)
220 W. Congress St Fl 2
Detroit, MI 48226-3289
(313) 961-1000**

| CASE FILING FEE | JURY FEE |
|---|---|
| **Paid** | **Paid** |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| **10/24/2011** | **01/23/2012** | **Sterling Harrison** |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer     pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| Date | Signature of attorney/plaintiff |
|---|---|
| | |

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

TIFFANY LIPKOVITCH,

      Plaintiff,

vs.

WAYNE COUNTY, a Municipal Corporation,
BENNY N. NAPOLEON, in his official and
individual capacities; POLICE
OFFICERS ASSOCIATION OF MICHIGAN,
a labor organization and collective bargaining agent,

      Defendants.

_JURY FEE PAID_

LIPKOVITCH, TIFFANY v NAPOLEON, B
Hon. Michael F. Sapala
10/24/2011
11-012939-CZ

---

BENJAMIN WHITFIELD JR (P23562)
BENJAMIN WHITFIELD JR & ASSOC
Attorney for Plaintiff
220 West Congress, 2nd Floor
Detroit, Michigan 48226
Phone: (313) 961-1000
Fax: (313) 961-3110
BenWLaw123@aol.com

---

**COMPLAINT AND JURY DEMAND**

A civil action between these parties arising out of the transaction or occurrence alleged in the complaint has been previously filed and is pending in the U.S. District Court for the Eastern District of Michigan, Case No. 2:10-CV-13961, and is assigned to the Hon. Denise Page Hood (P28273).

    NOW COMES Plaintiff, TIFFANY LIPKOVITCH, by and through her attorneys, BENJAMIN WHITFIELD, JR. & ASSOCIATES, P.C., by BENJAMIN WHITFIELD, JR., and for her Complaint and Jury Demand against BENNY N. NAPOLEON, FORMER WAYNE COUNTY SHERIFF, in his official and individual capacity; WAYNE COUNTY SHERIFF'S DEPARTMENT, a department of Wayne County, Michigan; WAYNE COUNTY, a municipal corporation; and the POLICE OFFICERS' ASSOCIATION OF MICHIGAN, Plaintiff's labor union and collective bargaining agent, jointly and severally, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendants former Wayne County Sheriff Benny Napoleon, Wayne County Sheriff's Department, and Wayne County for wrongful discharge in breach of a labor agreement and against Defendant Police Officers' Association of Michigan Union for breach of its duty of fair representation under the Michigan Public Employment Relations Act, MCL §423.201-217 ("PERA").

2.     This action is also brought to remedy discrimination in employment on the basis of Plaintiff's race of African-American, pursuant to the Civil Rights Act of 1964.  Plaintiff is also suing for race and gender discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2202, et seq.

3.     Plaintiff seeks injunctive and declaratory relief, as well as damages, actual and compensatory, and other legal and equitable relief pursuant to 42 USC §1981, 42 USC §1983, and the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2201 et seq.

## PARTIES

4.     Plaintiff, Tiffany Lipkovitch, an African-American female, was continuously employed by the Wayne County Sheriff's Department as a deputy sheriff for 14 years, or from March 2, 1996 until on or about May 24, 2010, when she was wrongfully terminated.  Plaintiff held the rank of Corporal when she was terminated.

5.     Defendant Benny N. Napoleon, at all times relevant hereto, was the Sheriff of Wayne County, Michigan.  Defendant Napoleon is joined in both his official and individual capacities.

6.     Defendant Wayne County Sheriff's Department ("Sheriff's Department"), at all times relevant hereto, is an independent branch of government of Wayne County, a political subdivision of the State of Michigan.  Defendant's administrative offices and principal place of

2

business is located at 1231 St. Antoine, Detroit, Michigan 48226.    Defendant Sheriff's Department is an "employer."

7.    Defendant Wayne County ("County"), at all times relevant hereto, is a political subdivision of the State of Michigan.  Defendant County's offices and principal place of business is located at 500 Griswold, Detroit, Michigan 48226.

8.    Defendant Police Officers Association of Michigan ("POAM" and/or "Union") is the collective bargaining agent for the Wayne County Deputy Sheriff's Association, of which Plaintiff is a member.  Defendant POAM is a labor organization and regularly represents union employees employed by Defendant Sheriff's Department in collective bargaining negotiations.

**JURISDICTION**

9.    Jurisdiction over the subject matter of this Complaint is proper under the Michigan Public Employment Relations Act, PERA, MCL §423.201-217.

10.    The unlawful employment practices alleged in this Complaint were committed in Wayne County, Michigan and involve a sum in excess of $25,000.

11.    This Honorable Court has personal jurisdiction over Defendant Benny Napoleon, who is sued in his official and individual capacity in this matter.  Defendant Napoleon resides in Wayne County and the events giving rise to this claim occurred in Wayne County.

12.    Defendant Sheriff's Department is established in the County of Wayne.

13.    Defendant County is established in the County of Wayne.

14.    Defendant POAM, at all times relevant hereto, conducts business within the County of Wayne.

**VENUE**

15.    Venue is proper as this claim arose in Wayne County, Michigan.

3

## COMMON ALLEGATIONS

16.     Plaintiff was hired by Defendant Sheriff's Department on or about March 2, 1996, as a probationary police officer.  Her probationary period was for one year.

17.     That at the completion of her aforesaid probationary period, Plaintiff acquired both a property and liberty interest in continued employment with Defendant Wayne County, within its Sheriff's Department.

18.     That Defendants Wayne County and Wayne County Sheriff's Department maintain a progressive disciplinary policy as to its employees.

19.     Defendant Union is the exclusive collective bargaining representative and agent for the unit of Sheriff's Department employees, including Plaintiff, who was employed at the county jail.

20.     Defendant Union had a duty to fairly represent all bargaining unit members with respect to the processing of grievances arising under the labor agreement.

21.     Plaintiff has been a dues-paying member of Defendant Union for many years and was a member at all times relevant to this action.

22.     The stated grounds for Plaintiff's termination are alleged violation of the following Wayne County Sheriff's Policies and Procedures: 5.100 Truthfulness; 5.30 Contraband; 6.15 Gifts/Guaranties/Bribes/Rewards.

23.     That Plaintiff has an outstanding disciplinary record over the course of her 14-year tenure with Defendant Sheriff's Department.

24.     The terms and conditions of Plaintiff's employment with the Sheriff's Department were covered by a Collective Bargaining Agreement ("Agreement" or "CBA") between Defendant Sheriff's Department and Defendant Union.

4

25.     The CBA provides in pertinent part, that employees shall not be discharged except for just cause, and that the penalty of discharge shall not be excessive or arbitrary or imposed in an unjust or discriminatory manner.

26.     The CBA, at Article 8, further provides that, in the event of a dispute concerning the propriety of a discharge, the matter, upon request of the Union, shall be determined under the grievance and arbitration procedures of the CBA.

27.     On or about May 24, 2010, Plaintiff was wrongfully discharged by Defendant Sheriff's Department.

28.     Plaintiff was innocent of any wrongdoing, or, if any be found, her infractions could have been disciplined in Defendant Sheriff's Department's progressive disciplinary system by steps short of discharge or Plaintiff referred for appropriate medical care.

29.     Under the totality of the circumstances, Plaintiff's discharge was excessive, unjust, unfair, and discriminatory, in violation of the provisions of the CBA and denied her right to equal protection under the law.

30.     Plaintiff subsequently filed a timely grievance protesting the unfair discharge and requesting reinstatement.

31.     Defendant Union had exclusive control over the grievance process/procedures, and the exclusive right to obtain arbitration and the opportunity to obtain a hearing before an expert, and impartial arbitrator concerning Plaintiff's grievance, pursuant to the CBA, Article 9.13, "and if requested by the Union, a hearing before an Arbitrator . . ."

32.     Plaintiff was informed by a telephone call from Corporal Debra Martin, her shop steward, and that her presence was required urgently at an administration building and that she would meet her at the building.

33.     As requested, Plaintiff met Corporal Martin at the administrative building, but did not know the purpose of the meeting, which turned out to be with Internal Affairs (IA).

34.     Plaintiff was confronted by a command officer with a report of what was purported to be records from the Michigan Department of Corrections (MDOC) documenting a pattern of improper contacts between Plaintiff, and inmates at MDOC facilities over the course of several years.

35.     Internal Affairs dictated a "confession" to Plaintiff, which she was ordered to sign in violation of the CBA, and which gave her at least 23 hours before she was required to make a written statement as to any charges against her by her employer.

36.     POAM assigned an inexperienced member of the union grievance defense team, Corporal Martin, to represent her at the critical stages of the grievance process.

37.     Plaintiff's shop steward misled Plaintiff, failed to represent her with any effort, and only went through the motions in a perfunctory manner.

38.     Defendants' shop steward and POAM grievance defense team never prepared for any hearings, advised Plaintiff to remain mute or acquiesce, and falsely led her to believe that her grievance would be arbitrated as a matter of course, when they knew or should have known that the decision to arbitrate or not, was made by the Business Manager, or some other Union official, in their sole discretion.

39.     Defendant POAM compounded its perfunctory declining representation by failing to take Plaintiff's case to arbitration.  In a very serious situation, Defendant made a perfunctory effort, and failed, neglected, and/or refused to exert any serious effort on Plaintiff's behalf.

## COUNT I
## BREACH OF DUTY OR FAIR REPRESENTATION

40.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 39, as if originally pleaded herein.

41.     Defendant POAM, pursuant to the Michigan Public Employees Relations Act, (PERA), MCL §423.201-217, et seq., is Plaintiff's collective bargaining agent as to the terms and conditions of her employment.

42.     That as such, it had a statutorily imposed duty of fair representation of Plaintiff with respect to defense of the charges that led to her termination.

43.     Defendant Union acted in bad faith and in an arbitrary, discriminatory, perfunctory, and grossly negligent manner in the handling of Plaintiff's meritorious grievance.

44.     Defendant Union's unfair representation, as aforesaid, has prevented Plaintiff from exhausting her contractual remedies in order to obtain reinstatement to her position with Defendant Sheriff's Department.

45.     Upon information and belief, Plaintiff's medical issues, race and/or gender, Defendant Union was hostile or deliberately indifferent towards Plaintiff and this hostility or indifference was the motive causing the Union's failure to adequately perform its duties on Plaintiff's behalf by taking Plaintiff's case to arbitration, and without reason, has failed to demand arbitration, thereby depriving Plaintiff of her only opportunity to obtain an impartial hearing of her grievance and to obtain reinstatement to her job with full back pay.

46.     In the alternative, upon information and belief, a tacit agreement policy exists between Defendant Sheriff's Department and Defendant Union, which limits the number of meritorious grievances that will be submitted to arbitration, and which limited Defendant Union's motive to fully develop the merits of many cases after arbitration commences.

7

47.   Plaintiff has exhausted any internal union remedy that could possibly have provided any effective relief and states that Defendant Union's constitution does not provide effective remedies, and further exhaustion would be futile.

48.   As a proximate result of the wrongful discharge and unfair representation by Defendant Union, Plaintiff has been unable to find a job equivalent to her position with Defendant Sheriff's Department and Plaintiff has lost wages, fringe benefits, medical insurance, seniority, pension rights, and other rights accruing to her job under the CBA and those losses are expected to continue indefinitely until Plaintiff reaches retirement age.

49.   As a result of Defendant Union's perfunctory and unfair representation, it has been unduly difficult, time consuming and expensive for Plaintiff to recover damages against Defendant Sheriff's Department.  There has been an excessive and lengthy delay in obtaining a fair hearing of her grievance and Plaintiff has been required to retain legal counsel to obtain relief.  Plaintiff has incurred and will continue to incur additional legal fees and expenses necessary to obtain reinstatement to her job and to collect full back pay and other damages caused by Defendant Sheriff's Department.

50.   Plaintiff has suffered humiliation, emotional distress, and anxiety, as a result of Defendant Union's unfair representation of Plaintiff and her job loss.

51.   Defendant Union failed, neglected, or refused on the basis of Plaintiff's race and/or gender to defend her as vigorously as it would have if she were a male or white.

52.   Defendant Union breached its duty of fair representation with respect to Plaintiff's termination.

8

**COUNT II**
**BREACH OF CONTRACT AS TO WAYNE COUNTY**

53.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs through 52 as if originally pleaded herein.

54.     Plaintiff's employment with Defendant Wayne County was subject to termination only for just cause.

55.     That Plaintiff was terminated on May 24, 2010, in violation of the terms of her employment contract.

56.     That Plaintiff's derelictions, if any can be found, were caused by disorders, such as PTSD, caused by the stressful conditions of her employment at the county jail.

**COUNT III**
**VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, RACE DISCRIMINATION IN ENFORCEMENT OF EMPLOYMENT CONTRACT**

57.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 56, as if originally pleaded herein.

58.     At all times relevant hereto, white sheriff's deputies have committed serious infractions or engaged in conduct that exposed them to severe punishment by Defendant Sheriff's Department.

59.     That said white deputies have not been dismissed by Defendant Sheriff's Department.

60.     That Defendants Napoleon and Sheriff's Department punished Plaintiff more severely than they did white employees, who were accused of serious violations of departmental rules or regulations.

61.     That Plaintiff has the same right to enforce her employment contract as white sheriff's deputies.

9

62.    Defendant Sheriff's Department, through its agents or supervisors, unlawfully discriminated against Plaintiff in her employment because of her race, when it terminated her employment as a deputy sheriff, based on alleged violations of departmental policies, whereas white deputy sheriffs who commit allegedly serious infractions of departmental rules are disciplined in a manner consistent with its progressive disciplinary system, but are not terminated.

63.    Defendants therefore violated Plaintiff's clear right under 42 USC §1981 to enforce her employment contract on the same basis as white deputy sheriffs.

## COUNT IV
## VIOLATION OF 42 USC § 1983

64.    Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 63, as if originally pleaded herein.

65.    All of the acts or omissions complained of herein were committed under color or law by Defendant Napoleon exercising the powers of his office.

66.    Defendants acted under color of law to deny Plaintiff equal protection of the laws and to discriminate on the basis of her race, African-American, in violation of 42 USC §1981 and §1983, when said Defendants wrongfully terminated Plaintiff in violation of her reasonable expectation of continued employment as a Wayne County Deputy Sheriff.

## COUNT V
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

67.    Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 66, as if originally pleaded herein.

68.    Plaintiff enjoyed the right to be free of employment discrimination under the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2201, et seq.

69.    Defendants breached said right to enforce Plaintiff's employment contract on the same basis as white deputy sheriffs by punishing her more severely than white or male deputy sheriffs accused of violating departmental rules, policies or regulations.

## COUNT VI
## BREACH OF DUTY UNDER ART 1, § 17 OF MICHIGAN CONSTITUTION TO CONDUCT FAIR AND JUST INVESTIGATION

70.    Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 69, as if originally pleaded herein.

71.    The investigation into Plaintiff's alleged violations of departmental rules or regulations was within the ambit of Art 1, § 17 of the Michigan Constitution, which guarantees that every person who is subjected to an investigation is entitled to receive fair and just treatment during the course of said investigation.

72.    Article I, § 17 protected from infringement Plaintiff's right to fair and just treatment during the course of the aforesaid investigation, and hearing that resulted in her termination.

73.    That the short notice provided Plaintiff of the charges against her, and of the hearing date, was insufficient to permit her to respond properly or prepare an adequate defense, and therefore violated Art 1, § 17 of the Michigan Constitution.

74.    Compelling Plaintiff to sign the "confession" dictated to her by a command officer violated her rights under Art 1, § 17.

75.    The pre-termination hearing conducted was defective because of improper and inadequate notice and because the tribunal lacked impartiality.

11

## COUNT VII
## VIOLATION OF PLAINTIFF'S LIBERTY AND PROPERTY INTERESTS IN VIOLATION OF THE 14TH AMENDMENT

76.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 75, as if originally pleaded herein.

77.     That by virtue of Plaintiff's appointment as a deputy sheriff and resultant employment contract entered into upon the completion of her probationary period and 14-year tenure with a good disciplinary record with Defendant Sheriff's Department, Plaintiff had a constitutionally protected property interest in continued employment with Defendant Sheriff's Department.

78.     That Plaintiff also had a liberty interest in her good name and reputation, which was also protected from infringement in the course of an adverse personnel action.

79.     That Plaintiff's contract or expectation of continued employment was property under Michigan law.  As such, it was a protected property interest under the 14th Amendment to the U.S. Constitution.

80.     Plaintiff's liberty interest in her name and reputation was implicated by Defendants' actions.

## COUNT VIII
## ABUSE OF DISCRETION IN DISCRIMINATORY SELECTIVE ENFORCEMENT OF PROGRESSIVE DISCIPLINARY POLICY

81.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 80, as if originally pleaded herein.

82.     That Defendant Sheriff's Department administers its "progressive disciplinary policy" in an arbitrary, capricious and discriminatory manner.

12



83. That, as evidence of discriminatory treatment, Plaintiff can identify numerous male and/or white, Wayne County Deputy Sheriff's, who have committed serious infractions but have not been terminated.

84. That the Administrative Review and Determination Hearing Procedures §9.13 (A-H) of the CBA, are unconstitutional on their face because no transcript is made of the proceedings, no written findings of fact are made, no indications of the standards used to assess Plaintiff's conduct, nor is there any indication that the proceedings meet minimal procedural due process standards, which are applicable before a person may be divested of her property or liberty interest in her employment, and good name as herein, where termination may have a stigmatizing effect.

85. The pre- and post-termination proceedings conducted by Defendant Sheriff's Department were insufficient to satisfy the requirements of due process in a situation, as herein, where Plaintiff's property and liberty interest in her 14-year long career was at stake – three days notice advance written notice of the proposed termination was insufficient time to prepare an adequate defense.

86. That the panel hearing Plaintiff's case, as Wayne County Sheriff's Department's command officers, were not impartial decision makers and predisposed Plaintiff's guilt.

87. That Plaintiff's contract, pursuant to CBA Article 9.08, provided for "just cause" disciplinary actions, including termination, and created a property interest in her job.

88. Plaintiff was entitled to have a formal pre-termination hearing because she faced charges that implicated both a property and liberty interest.

## COUNT IX
## FAILURE TO INVESTIGATE

89.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 88, as if originally pleaded herein.

90.     Defendant Union, without reason or cause, has arbitrarily failed to investigate Plaintiff's grievance fully and failed to follow its normal and customary practices in the handling of discharge grievances.

WHEREFORE, Plaintiff TIFFANY LIPKOVITCH, hereby requests this Honorable Court grant the following relief:

1.     Reinstatement of Plaintiff's position with full seniority rights with no loss of contractual benefits on account of her absence from work;

2.     Lost wages retroactive from the date of Plaintiff's termination up to the date of reinstatement and the value of lost benefits due to her unjust termination from employment;

3.     An Order of front pay in lieu of reinstatement and for compensatory damages as a result of her emotional distress in whatever sum is awarded by the jury, and for her attorney's fees;

4.     Division of the aforesaid damages between all Defendants in accordance with the law;

5.     An Order enjoining Defendant Sheriff's Department and its officers from committing or allowing any future unlawful discrimination against Plaintiff;

6.     An Order declaring Defendant POAM breached its duty of fair representation;

7.     An Order declaring that Defendants violated Plaintiff's rights to fair and just treatment under Art 1, § 17 of the Michigan Constitution; and

14

8.     Plaintiff further prays for such further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

BENJAMIN WHITFIELD, JR & ASSOC, P.C.

By:_____
    Benjamin Whitfield, Jr. (P23562)
    Attorney for Plaintiff
    220 W. Congress, Ste. 200
    Detroit, MI 48226
    (313) 961-1000

Dated: October 21, 2011

## JURY DEMAND

NOW COMES Plaintiff, TIFFANY LIPKOVITCH, by and through her attorneys, and hereby demands a trial by jury.

Respectfully Submitted,

BENJAMIN WHITFIELD, JR & ASSOC, P.C.

By:_____
    Benjamin Whitfield, Jr. (P23562)
    Attorney for Plaintiff
    220 W. Congress, Ste. 200
    Detroit, MI 48226
    (313) 961-1000

Dated: October 21, 2011

15

# Exhibit B

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TIFFANY LIPKOVITCH,

        Plaintiff,

vs.

WAYNE COUNTY, a Municipal Corporation,
BENNY N. NAPOLEON, in his official and
individual capacities; POLICE
OFFICERS ASSOCIATION OF MICHIGAN,
a labor organization and collective bargaining agent,

        Defendants.

LIPKOVITCH, TIFFANY v NAPOLEON, B
Hon. Michael F. Sapala          10/24/2011

11-012939-CZ

---

BENJAMIN WHITFIELD JR (P23562)
BENJAMIN WHITFIELD JR & ASSOC
Attorney for Plaintiff
220 West Congress, 2nd Floor
Detroit, Michigan 48226
Phone: (313) 961-1000
Fax: (313) 961-3110
BenWLaw123@aol.com

---

### CORRECTED COMPLAINT AND JURY DEMAND

A civil action between these parties arising out of the transaction or occurrence alleged in the complaint has been previously filed and is pending in the U.S. District Court for the Eastern District of Michigan, Case No. 2:10-CV-13961, and is assigned to the Hon. Denise Page Hood (P28273).

    NOW COMES Plaintiff, TIFFANY LIPKOVITCH, by and through her attorneys, BENJAMIN WHITFIELD, JR. & ASSOCIATES, P.C., by BENJAMIN WHITFIELD, JR., and for her Complaint and Jury Demand against BENNY N. NAPOLEON, FORMER WAYNE COUNTY SHERIFF, in his official and individual capacity; WAYNE COUNTY SHERIFF'S DEPARTMENT, a department of Wayne County, Michigan; WAYNE COUNTY, a municipal corporation; and the POLICE OFFICERS' ASSOCIATION OF MICHIGAN, Plaintiff's labor union and collective bargaining agent, jointly and severally, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendants former Wayne County Sheriff Benny Napoleon, Wayne County Sheriff's Department, and Wayne County for wrongful discharge in breach of a labor agreement and against Defendant Police Officers' Association of Michigan Union for breach of its duty of fair representation under the Michigan Public Employment Relations Act, MCL §423.201-217 ("PERA").

2.     This action is also brought to remedy discrimination in employment on the basis of Plaintiff's race of African-American, pursuant to the Civil Rights Act of 1964.  Plaintiff is also suing for race and gender discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2202, et seq.

## PARTIES

3.     Plaintiff, Tiffany Lipkovitch, an African-American female, was continuously employed by the Wayne County Sheriff's Department as a deputy sheriff for 14 years, or from March 2, 1996 until on or about May 24, 2010, when she was wrongfully terminated.  Plaintiff held the rank of Corporal when she was terminated.

4.     Defendant Benny N. Napoleon, at all times relevant hereto, was the Sheriff of Wayne County, Michigan.  Defendant Napoleon is joined in both his official and individual capacities.

5.     Defendant Wayne County Sheriff's Department ("Sheriff's Department"), at all times relevant hereto, is an independent branch of government of Wayne County, a political subdivision of the State of Michigan.  Defendant's administrative offices and principal place of business is located at 1231 St. Antoine, Detroit, Michigan 48226.  Defendant Sheriff's Department is an "employer."

2

6. Defendant Wayne County ("County"), at all times relevant hereto, is a political subdivision of the State of Michigan. Defendant County's offices and principal place of business is located at 500 Griswold, Detroit, Michigan 48226.

7. Defendant Police Officers Association of Michigan ("POAM" and/or "Union") is the collective bargaining agent for the Wayne County Deputy Sheriff's Association, of which Plaintiff is a member. Defendant POAM is a labor organization and regularly represents union employees employed by Defendant Sheriff's Department in collective bargaining negotiations.

## JURISDICTION

8. Jurisdiction over the subject matter of this Complaint is proper under the Michigan Public Employment Relations Act, PERA, MCL §423.201-217.

9. The unlawful employment practices alleged in this Complaint were committed in Wayne County, Michigan and involve a sum in excess of $25,000.

10. This Honorable Court has personal jurisdiction over Defendant Benny Napoleon, who is sued in his official and individual capacity in this matter. Defendant Napoleon resides in Wayne County and the events giving rise to this claim occurred in Wayne County.

11. Defendant Sheriff's Department is established in the County of Wayne.

12. Defendant County is established in the County of Wayne.

13. Defendant POAM, at all times relevant hereto, conducts business within the County of Wayne.

## VENUE

14. Venue is proper as this claim arose in Wayne County, Michigan.

3

## COMMON ALLEGATIONS

15.     Plaintiff was hired by Defendant Sheriff's Department on or about March 2, 1996, as a probationary police officer.  Her probationary period was for one year.

16.     That at the completion of her aforesaid probationary period, Plaintiff acquired both a property and liberty interest in continued employment with Defendant Wayne County, within its Sheriff's Department.

17.     That Defendants Wayne County and Wayne County Sheriff's Department maintain a progressive disciplinary policy as to its employees.

18.     Defendant Union is the exclusive collective bargaining representative and agent for the unit of Sheriff's Department employees, including Plaintiff, who was employed at the county jail.

19.     Defendant Union had a duty to fairly represent all bargaining unit members with respect to the processing of grievances arising under the labor agreement.

20.     Plaintiff has been a dues-paying member of Defendant Union for many years and was a member at all times relevant to this action.

21.     The stated grounds for Plaintiff's termination are alleged violation of the following Wayne County Sheriff's Policies and Procedures: 5.100 Truthfulness; 5.30 Contraband; 6.15 Gifts/Guaranties/Bribes/Rewards.

22.     That Plaintiff has an outstanding disciplinary record over the course of her 14-year tenure with Defendant Sheriff's Department.

23.     The terms and conditions of Plaintiff's employment with the Sheriff's Department were covered by a Collective Bargaining Agreement ("Agreement" or "CBA") between Defendant Sheriff's Department and Defendant Union.

4

24.    The CBA provides in pertinent part, that employees shall not be discharged except for just cause, and that the penalty of discharge shall not be excessive or arbitrary or imposed in an unjust or discriminatory manner.

25.    The CBA, at Article 8, further provides that, in the event of a dispute concerning the propriety of a discharge, the matter, upon request of the Union, shall be determined under the grievance and arbitration procedures of the CBA.

26.    On or about May 24, 2010, Plaintiff was wrongfully discharged by Defendant Sheriff's Department.

27.    Plaintiff was innocent of any wrongdoing, or, if any be found, her infractions could have been disciplined in Defendant Sheriff's Department's progressive disciplinary system by steps short of discharge or Plaintiff referred for appropriate medical care.

28.    Under the totality of the circumstances, Plaintiff's discharge was excessive, unjust, unfair, and discriminatory, in violation of the provisions of the CBA and denied her right to equal protection under the law.

29.    Plaintiff subsequently filed a timely grievance protesting the unfair discharge and requesting reinstatement.

30.    Defendant Union had exclusive control over the grievance process/procedures, and the exclusive right to obtain arbitration and the opportunity to obtain a hearing before an expert, and impartial arbitrator concerning Plaintiff's grievance, pursuant to the CBA, Article 9.13, "and if requested by the Union, a hearing before an Arbitrator . . ."

31.    Plaintiff was informed by a telephone call from Corporal Debra Martin, her shop steward, and that her presence was required urgently at an administration building and that she would meet her at the building.

32.   As requested, Plaintiff met Corporal Martin at the administrative building, but did not know the purpose of the meeting, which turned out to be with Internal Affairs (IA).

33.   Plaintiff was confronted by a command officer with a report of what was purported to be records from the Michigan Department of Corrections (MDOC) documenting a pattern of improper contacts between Plaintiff, and inmates at MDOC facilities over the course of several years.

34.   Internal Affairs dictated a "confession" to Plaintiff, which she was ordered to sign in violation of the CBA, and which gave her at least 23 hours before she was required to make a written statement as to any charges against her by her employer.

35.   POAM assigned an inexperienced member of the union grievance defense team, Corporal Martin, to represent her at the critical stages of the grievance process.

36.   Plaintiff's shop steward misled Plaintiff, failed to represent her with any effort, and only went through the motions in a perfunctory manner.

37.   Defendants' shop steward and POAM grievance defense team never prepared for any hearings, advised Plaintiff to remain mute or acquiesce, and falsely led her to believe that her grievance would be arbitrated as a matter of course, when they knew or should have known that the decision to arbitrate or not, was made by the Business Manager, or some other Union official, in their sole discretion.

38.   Defendant POAM compounded its perfunctory declining representation by failing to take Plaintiff's case to arbitration.  In a very serious situation, Defendant made a perfunctory effort, and failed, neglected, and/or refused to exert any serious effort on Plaintiff's behalf.

## COUNT I
## BREACH OF DUTY OR FAIR REPRESENTATION

39.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 38, as if originally pleaded herein.

40.     Defendant POAM, pursuant to the Michigan Public Employees Relations Act, (PERA), MCL §423.201-217, et seq., is Plaintiff's collective bargaining agent as to the terms and conditions of her employment.

41.     That as such, it had a statutorily imposed duty of fair representation of Plaintiff with respect to defense of the charges that led to her termination.

42.     Defendant Union acted in bad faith and in an arbitrary, discriminatory, perfunctory, and grossly negligent manner in the handling of Plaintiff's meritorious grievance.

43.     Defendant Union's unfair representation, as aforesaid, has prevented Plaintiff from exhausting her contractual remedies in order to obtain reinstatement to her position with Defendant Sheriff's Department.

44.     Upon information and belief, Plaintiff's medical issues, race and/or gender, Defendant Union was hostile or deliberately indifferent towards Plaintiff and this hostility or indifference was the motive causing the Union's failure to adequately perform its duties on Plaintiff's behalf by taking Plaintiff's case to arbitration, and without reason, has failed to demand arbitration, thereby depriving Plaintiff of her only opportunity to obtain an impartial hearing of her grievance and to obtain reinstatement to her job with full back pay.

45.     In the alternative, upon information and belief, a tacit agreement policy exists between Defendant Sheriff's Department and Defendant Union, which limits the number of meritorious grievances that will be submitted to arbitration, and which limited Defendant Union's motive to fully develop the merits of many cases after arbitration commences.

7

46.    Plaintiff has exhausted any internal union remedy that could possibly have provided any effective relief and states that Defendant Union's constitution does not provide effective remedies, and further exhaustion would be futile.

47.    As a proximate result of the wrongful discharge and unfair representation by Defendant Union, Plaintiff has been unable to find a job equivalent to her position with Defendant Sheriff's Department and Plaintiff has lost wages, fringe benefits, medical insurance, seniority, pension rights, and other rights accruing to her job under the CBA and those losses are expected to continue indefinitely until Plaintiff reaches retirement age.

48.    As a result of Defendant Union's perfunctory and unfair representation, it has been unduly difficult, time consuming and expensive for Plaintiff to recover damages against Defendant Sheriff's Department.  There has been an excessive and lengthy delay in obtaining a fair hearing of her grievance and Plaintiff has been required to retain legal counsel to obtain relief.  Plaintiff has incurred and will continue to incur additional legal fees and expenses necessary to obtain reinstatement to her job and to collect full back pay and other damages caused by Defendant Sheriff's Department.

49.    Plaintiff has suffered humiliation, emotional distress, and anxiety, as a result of Defendant Union's unfair representation of Plaintiff and her job loss.

50.    Defendant Union failed, neglected, or refused on the basis of Plaintiff's race and/or gender to defend her as vigorously as it would have if she were a male or white.

51.    Defendant Union breached its duty of fair representation with respect to Plaintiff's termination.

8

## COUNT II
## BREACH OF CONTRACT AS TO WAYNE COUNTY

52.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs through 51 as if originally pleaded herein.

53.     Plaintiff's employment with Defendant Wayne County was subject to termination only for just cause.

54.     That Plaintiff was terminated on May 24, 2010, in violation of the terms of her employment contract.

55.     That Plaintiff's derelictions, if any can be found, were caused by disorders, such as PTSD, caused by the stressful conditions of her employment at the county jail.

## COUNT III
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, RACE DISCRIMINATION IN ENFORCEMENT OF EMPLOYMENT CONTRACT

56.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 55, as if originally pleaded herein.

57.     At all times relevant hereto, white sheriff's deputies have committed serious infractions or engaged in conduct that exposed them to severe punishment by Defendant Sheriff's Department.

58.     That said white deputies have not been dismissed by Defendant Sheriff's Department.

59.     That Defendants Napoleon and Sheriff's Department punished Plaintiff more severely than they did white employees, who were accused of serious violations of departmental rules or regulations.

60.     That Plaintiff has the same right to enforce her employment contract as white sheriff's deputies.

9

61.     Defendant Sheriff's Department, through its agents or supervisors, unlawfully discriminated against Plaintiff in her employment because of her race, when it terminated her employment as a deputy sheriff, based on alleged violations of departmental policies, whereas white deputy sheriffs who commit allegedly serious infractions of departmental rules are disciplined in a manner consistent with its progressive disciplinary system, but are not terminated.

62.     Defendants therefore violated Plaintiff's clear right under 42 USC §1981 to enforce her employment contract on the same basis as white deputy sheriffs.

## COUNT IV
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

63.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 62, as if originally pleaded herein.

64.     Plaintiff enjoyed the right to be free of employment discrimination under the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2201, et seq.

65.     Defendants breached said right to enforce Plaintiff's employment contract on the same basis as white deputy sheriffs by punishing her more severely than white or male deputy sheriffs accused of violating departmental rules, policies or regulations.

## COUNT V
## BREACH OF DUTY UNDER ART 1, § 17 OF MICHIGAN CONSTITUTION TO CONDUCT FAIR AND JUST INVESTIGATION

66.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 65, as if originally pleaded herein.

67.     The investigation into Plaintiff's alleged violations of departmental rules or regulations was within the ambit of Art 1, § 17 of the Michigan Constitution, which guarantees that every person who is subjected to an investigation is entitled to receive fair and just treatment during the course of said investigation.

10

68.     Article I, § 17 protected from infringement Plaintiff's right to fair and just treatment during the course of the aforesaid investigation, and hearing that resulted in her termination.

69.     That the short notice provided Plaintiff of the charges against her, and of the hearing date, was insufficient to permit her to respond properly or prepare an adequate defense, and therefore violated Art 1, § 17 of the Michigan Constitution.

70.     Compelling Plaintiff to sign the "confession" dictated to her by a command officer violated her rights under Art 1, § 17.

71.     The pre-termination hearing conducted was defective because of improper and inadequate notice and because the tribunal lacked impartiality.

## COUNT VI
### VIOLATION OF PLAINTIFF'S LIBERTY AND PROPERTY INTERESTS IN VIOLATION OF THE 14TH AMENDMENT

72.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 71, as if originally pleaded herein.

73.     That by virtue of Plaintiff's appointment as a deputy sheriff and resultant employment contract entered into upon the completion of her probationary period and 14-year tenure with a good disciplinary record with Defendant Sheriff's Department, Plaintiff had a constitutionally protected property interest in continued employment with Defendant Sheriff's Department.

74.     That Plaintiff also had a liberty interest in her good name and reputation, which was also protected from infringement in the course of an adverse personnel action.

75.     That Plaintiff's contract or expectation of continued employment was property under Michigan law.  As such, it was a protected property interest under the 14th Amendment to the U.S. Constitution.

11

76.     Plaintiff's liberty interest in her name and reputation was implicated by Defendants' actions.

**<u>COUNT VII</u>**
**ABUSE OF DISCRETION IN DISCRIMINATORY SELECTIVE ENFORCEMENT OF PROGRESSIVE DISCIPLINARY POLICY**

77.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 76, as if originally pleaded herein.

78.     That Defendant Sheriff's Department administers its "progressive disciplinary policy" in an arbitrary, capricious and discriminatory manner.

79.     That, as evidence of discriminatory treatment, Plaintiff can identify numerous male and/or white, Wayne County Deputy Sheriff's, who have committed serious infractions but have not been terminated.

80.     That the Administrative Review and Determination Hearing Procedures §9.13 (A-H) of the CBA, are unconstitutional on their face because no transcript is made of the proceedings, no written findings of fact are made, no indications of the standards used to assess Plaintiff's conduct, nor is there any indication that the proceedings meet minimal procedural due process standards,which are applicable before a person may be divested of her property or liberty interest in her employment, and good name as herein, where termination may have a stigmatizing effect.

81.     The pre- and post-termination proceedings conducted by Defendant Sheriff's Department were insufficient to satisfy the requirements of due process in a situation, as herein, where Plaintiff's property and liberty interest in her 14-year long career was at stake – three days notice advance written notice of the proposed termination was insufficient time to prepare an adequate defense.

12

82.     That the panel hearing Plaintiff's case, as Wayne County Sheriff's Department's command officers, were not impartial decision makers and predisposed Plaintiff's guilt.

83.     That Plaintiff's contract, pursuant to CBA Article 9.08, provided for "just cause" disciplinary actions, including termination, and created a property interest in her job.

84.     Plaintiff was entitled to have a formal pre-termination hearing because she faced charges that implicated both a property and liberty interest.

<u>COUNT VIII</u>
<u>FAILURE TO INVESTIGATE</u>

85.     Plaintiff herein incorporates by reference all the allegations set forth in Paragraphs 1 through 84, as if originally pleaded herein.

86.     Defendant Union, without reason or cause, has arbitrarily failed to investigate Plaintiff's grievance fully and failed to follow its normal and customary practices in the handling of discharge grievances.

WHEREFORE, Plaintiff TIFFANY LIPKOVITCH, hereby requests this Honorable Court grant the following relief:

1.     Reinstatement of Plaintiff's position with full seniority rights with no loss of contractual benefits on account of her absence from work;

2.     Lost wages retroactive from the date of Plaintiff's termination up to the date of reinstatement and the value of lost benefits due to her unjust termination from employment;

3.     An Order of front pay in lieu of reinstatement and for compensatory damages as a result of her emotional distress in whatever sum is awarded by the jury, and for her attorney's fees;

4.     Division of the aforesaid damages between all Defendants in accordance with the law;

13

5.     An Order enjoining Defendant Sheriff's Department and its officers from committing or allowing any future unlawful discrimination against Plaintiff;

6.     An Order declaring Defendant POAM breached its duty of fair representation;

7.     An Order declaring that Defendants violated Plaintiff's rights to fair and just treatment under Art 1, § 17 of the Michigan Constitution; and

8.     Plaintiff further prays for such further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

BENJAMIN WHITFIELD, JR & ASSOC, P.C.

By:_____
      Benjamin Whitfield, Jr. (P23562)
      Attorney for Plaintiff
      220 W. Congress, Ste. 200
      Detroit, MI 48226
      (313) 961-1000

Dated: October 21, 2011

## JURY DEMAND

NOW COMES Plaintiff, TIFFANY LIPKOVITCH, by and through her attorneys, and hereby demands a trial by jury.

Respectfully Submitted,

BENJAMIN WHITFIELD, JR & ASSOC, P.C.

By:_____
      Benjamin Whitfield, Jr. (P23562)
      Attorney for Plaintiff
      220 W. Congress, Ste. 200
      Detroit, MI 48226
      (313) 961-1000

Dated: November 1, 2011

14