UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY LIPKOVITCH,

    Plaintiff,

v.

Case No. 11-15081-DT

HONORABLE DENISE PAGE HOOD

COUNTY OF WAYNE, BENNY N.
NAPOLEON and POLICE OFFICERS
ASSOCIATION OF MICHIGAN,

    Defendants.
    _____/

**ORDER DENYING MOTION TO REMAND TO WAYNE COUNTY**

Plaintiff filed this second lawsuit against the same Defendant before the Wayne County Circuit Court. On November 17, 2011, Defendants Benny Napoleon and Wayne County removed the matter to this Court. Plaintiff's first lawsuit was filed before the United States District Court for the Eastern District of Michigan on October 4, 2010. (Case No. 10-13961) This matter is before the Court on Plaintiff's Motion to Remand to Wayne County. Briefs were filed opposing the motion.

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). "As a general rule, removability is determined by the pleadings <u>filed by the plaintiff</u>," and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added). A defendant may remove a matter from a

State court to the United States District Court within 30 days after receipt of the complaint and summons if the pleading. 28 U.S.C. § 1446(a). Removable actions include any civil action which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).

Plaintiff's second Complaint alleges: Breach of Duty of Fair Representation by the Police Officers Association of Michigan under the Michigan Public Employees Relations Act, M.C.L. § 423.201 *et seq.* (Count I); Breach of Contract as to Wayne County (Count II); Violation of Elliott-Larsen Civil Rights Act, Race Discrimination in Enforcement of Employment Contract (Count III); Violation of 42 U.S.C. § 1983 (Count IV); violation of Elliott-Larsen Civil Rights Act (Count V); Breach of Duty under Art 1, § 17 of Michigan Constitution to Conduct Fair and Just Investigation (Count VI); violation of Plaintiff's Liberty and Property Interests in Violation of the 14th Amendment (Count VII); Abuse of Discretion in Discriminatory Selective Enforcement of Progressive Disciplinary Policy (Count VIII); and Failure to Investigate (Count IX).

The Complaint filed by Plaintiff alleges claims over which this Court has original jurisdiction, specifically the 42 U.S.C. § 1983 claim in Count IV and the 14th Amendment claim in Count VI. Federal courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. The Court denies Plaintiff's Motion to Remand.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand to Wayne County Circuit Court as Case was Improvidently Removed **(Doc. No. 6)** is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference be held in this matter on Monday, October 29, 2012, 4:00 p.m.

S/Denise Page Hood<br>Denise Page Hood<br>United States District Judge

Dated: September 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager